## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| **LESLEY HAMBRICK, individually and on behalf of those similarly situated,** | : | Case No. |
| | : | |
| **Plaintiff,** | : | Judge |
| | : | |
| v. | : | |
| | : | **PLAINTIF'S COMPLAINT** |
| **PROMEVO, LLC** | : | |
| | : | |
| and | : | |
| | : | |
| **AARON GUMZ** | : | |
| | : | |
| **Defendants.** | : | |

## PRELIMINARY STATEMENT

1. This is a collective action and class action brought by Lesley Hambrick ("Plaintiff"), on behalf of herself and all others similarly situated, to recovery overtime compensation from her former employers.

2. Defendants have employed numerous non-exempt inside sales employees who have worked more than 40 hours a week, but who have not been paid the legally required amount for their overtime hours.

3. Defendants continue to employ numerous non-exempt inside sales employees who are working more than 40 hours in a week and are not being paid the legally required amount for their overtime hours.

4. Plaintiff brings this action (1) as an opt-in collective action on behalf of themselves and all similarly situated individuals for violations of the Federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), (2) on behalf of themselves and a class of others pursuant to Kentucky Revised Statutes ("KRS") §337, *et seq.*

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 due to the claim made under the FLSA.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) to hear Plaintiff's state law claims.

7. Venue is proper in the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## JURISDICTION AND VENUE

**Plaintiffs**

8. Plaintiff worked for Defendants as an inside sales person from November 2016 to May 2017.

9. Plaintiff brings this action on behalf of herself and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. §216(b), Plaintiffs and the FLSA Collective were, or are, employed by Defendants as non-exempt, inside sales employees subject to Defendants' overtime policy, and work or have worked for Defendants during the applicable statutory period.

10. Plaintiff and the FLSA Collective are current and former non-exempt inside sales employees of Defendants within the meaning of the FLSA, and were employed by Defendants within three years of the date this Complaint was filed. *See* 29 U.S.C. §255(a).

11. Plaintiff also bring this action under KRS Chapter 337 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff and the putative Rule 23 Class were

employed as inside sales employees by Defendants in Kentucky during the applicable statutory period.

**Defendants**

12. Defendant Promevo, LLC ("Promevo") is a Kentucky Limited Liability Company with its principal office at 1720 Wildcat Blvd., Suite 200, Burlington, KY 41005.

13. Defendant Aaron Gumz is a member, officer, director, and shareholder of Defendant Promevo. Defendant Gumz also serves as Defendant Promevo's registered agent. Upon information and belief, Defendant Gumz is responsible for the payroll practices and policies of Defendant Promevo.

14. Defendants retail computer programs on behalf of a large Silicon Valley technology company.

15. Upon information and belief, Defendants' gross annual sales made or business done has been in excess of $500,000.00 at all relevant times.

16. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA §203(d). Defendants are also "employers" under KRS Chapter 337.

17. Defendants operate in interstate commerce by, among other things, dispatching their employees and equipment to customers in multiple states, and ordering supplies and equipment from various states. Defendants advertise some of their interstate customers on their webpage.

18. Defendants subjected Plaintiff and the other similarly situated employees to the same payroll policies and procedures as outlined in the factual allegations below.

## FACTUAL ALLEGATIONS

19. Plaintiff and the putative collective/class members are individuals who were or are employed by Defendants, who were so employed in non-exempt positions and who were subject to Defendants' policy and/or practice of not paying the required overtime premium.

20. For an as yet unknown period of time, Plaintiff and the putative collective/class members were not paid for hours they worked over 40 in a workweek.

21. Defendants required Plaintiff and the putative collective/class members to work from home after their shift had ended on weekdays, and throughout the weekend.

22. Defendants developed their own software to verify that employees were indeed working from home after their shifts had ended, and upon information and belief, maintained records of these employees who worked from home.

23. Defendants paid Plaintiff and the putative collective/class members a salary and they were eligible for commission, however the standard for reaching that commission was changed constantly so as to be regularly unattainable and even when paid, failed to compensate employees on the legally-mandated basis of time and one-half of the employees' regular rate for hours worked in excess of 40 per week.

24. Upon information and belief, the overtime premium is still not being paid to employees who work an excess of 40 hours per workweek.

25. Defendants suffered and permitted Plaintiff and the putative collective/class members to work more than 40 hours in a week without paying them the legally-mandated overtime.

26. Defendants were aware, or should have been aware, that Plaintiff and the putative collective/class members performed non-exempt work that required payment of overtime.

## **COLLECTIVE ACTION ALLEGATIONS**

27. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

28. Plaintiff files this action on behalf of herself and all other similarly situated individuals. The proposed FLSA collective is defined as follows:

    All persons who worked as non-exempt inside sales employees for Defendants, and who worked in excess of 40 hours in any workweek, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("FLSA Collective").

29. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. §216(b).

30. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

31. During the applicable statutory period, Plaintiff and the putative collective members often worked in excess of 40 hours in a workweek without receiving overtime compensation for their overtime hours worked.

32. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay their non-exempt inside sales employees overtime compensation when they were fully aware these employees were working overtime hours. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. §255.

33. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly-situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those

5

similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## KENTUCKY CLASS ALLEGATIONS

34. Plaintiff (the "Kentucky Class Representative") brings this action under KRS Chapter 337 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

   All persons who worked as non-exempt inside sales employees for Defendants in Kentucky at any time in the last five years prior to the filing of this Complaint, and who worked in excess of 40 hours in any workweek, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("Kentucky Class").

35. Numerosity: Upon information and belief, the proposed Kentucky Class is so numerous that joinder of all members is impracticable. The Kentucky Class Representative is informed and believes, and on that basis alleges, that during the applicable statutory period, Defendants employed over 50 people who satisfy the definition of the proposed Kentucky Class.

36. Typicality: The Kentucky Class Representative's claims are typical of the members of the Kentucky Class. The Kentucky Class worked unpaid overtime hours similar to the Kentucky Class Representatives, and both the Kentucky Class Representative and the Kentucky Class were subject to Defendants' policies and practices of failing to pay appropriate overtime compensation.

37. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the Defendants.

38. Adequacy: The Kentucky Class Representative will fairly and adequately protect the interests of the Kentucky Class and has retained counsel experienced in wage and hour class and collective action litigation.

39. Commonality: Common questions of law and fact exist to all members of the Kentucky Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether Defendants improperly classified and treated the Kentucky Class Representative and the members of the Kentucky Class as exempt from Kentucky wage and hour laws;

    b. Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Kentucky Class Representatives and the members of the Kentucky Class in violation Kentucky wage and hour laws;

    c. Whether Defendants' actions were willful: and

    d. The proper measure of damages sustained by the Kentucky Class Representatives and the Kentucky Class.

40. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Kentucky Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

41. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Kentucky Class predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and

uniform policies and practices denied the members of the Kentucky Class the overtime pay to which they are entitled. The damages suffered by the individual Kentucky Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

42. Plaintiff intends to send notice to all members of the Kentucky Class to the extent required by Rule 23. The names and addresses of the members of the Kentucky Class are available from Defendants.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On behalf of Plaintiffs and the FLSA Collective)**

43. Plaintiff and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

44. The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

45. Defendants often suffered and permitted Plaintiffs and the FLSA Collective to work more than 40 hours in a workweek without overtime compensation.

46. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

47. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered a loss of income.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

## COUNT III – VIOLATION OF KRS CHAPTER 337, *ET SEQ*.

### UNPAID OVERTIME COMPENSATION

**(On behalf of the Kentucky Class Representative and the Kentucky Class)**

49. The Kentucky Class Representative and the Kentucky Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

50. KRS Chapter 337.285 requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

51. KRS Chapter 337.385 makes employers who violate KRS §337.285 liable to the affected employees in the amount of unpaid wages, costs, and attorneys' fees. KRS Chapter 337.385(1) makes employers who violate KRS Chapter 337.285 liable for liquidated damages.

52. Defendants violated KRS Chapter 337.285 by regularly and repeatedly failing to compensate the Kentucky Class Representative and the Kentucky Class at the required overtime rate.

53. As the direct and proximate result of Defendants unlawful conduct, the Kentucky Class Representative and the Kentucky Class have suffered a loss of income.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, on behalf of themselves and those similarly situated, pray for judgment against Defendants as follows:

1. Designation of this action as a collective action on behalf of Plaintiff and the FLSA collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA and Kentucky state law;

4. Judgment against Defendants for violation of the overtime provisions of the FLSA and Kentucky state law;

5. Judgment that Defendants violations of the FLSA were willful;

6. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

7. An award of post-judgment interest;

8. An award of reasonable attorneys' fees and costs;

9. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

10. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

        */s/ Christopher P. Finney*_____
        Christopher P. Finney (85250)
        FINNEY LAW FIRM, LLC
        4270 Ivy Pointe Blvd., Suite 225
        Cincinnati, Ohio 45245
        (513) 943-5678
        (513) 943-6669 (fax)
        stephen@finneylawfirm.com

*/s/ Deborah R. Grayson*
Deborah R. Grayson (26807)
MEIZLISH & GRAYSON
830 Main St., Suite 999
Cincinnati, Ohio 45202
(513) 345-4700
(513) 345-4703 (fax)
drgrayson@fuse.net
*Attorneys for Plaintiff*
