**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 19-17-DLB-CJS**

**LESLEY HAMBRICK, individually and
on behalf of those similarly situated**                                              **PLAINTIFF**

**v.**                     **MEMORANDUM OPINION AND ORDER**

**PROMEVO, LLC et al.**                                                                **DEFENDANTS**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

      This matter is before the Court on Plaintiff Lesley Hambrick's Motion for Conditional Certification wherein Hambrick asks the Court to conditionally certify a proposed class of individuals pursuant to § 216(b) of the Fair Labor Standards Act. (Doc. # 30). The Motion having been fully briefed, (Docs. # 42 and # 45), it is now ripe for the Court's review. For the reasons set forth herein, the Motion is **granted**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

      Plaintiff Lesley Hambrick first filed this putative collective action suit on behalf of herself and others who are similarly situated under, *inter alia*, the Fair Labor Standards Act (FLSA), on February 19, 2019. (Doc. # 1). She later was permitted to amend her Complaint. (Doc. # 33). The Amended Complaint was filed on October 21, 2019 and brings claims against Hambrick's former employer, Promevo, LLC (a Kentucky-based LLC), as well as Aaron Gumz and Tom Mason—who Hambrick alleges are members, officers, directors and shareholders of Promevo who share "responsibility for the payroll

practices and policies" of Promevo.[1]  (Doc. # 34 at ¶¶ 8, 12–14).  With her proposed collective action, Hambrick seeks to "recover[] overtime compensation from her former employers" on behalf of herself and numerous other "non-exempt inside sale employees who have worked more than 40 hours a week, but who have not been paid the legally required amount for their overtime hours."  *Id.* at ¶¶ 1–2.

Plaintiff specifically alleges that she and the putative collective action members were required to work in excess of 40 hours per week—after their shifts ended during the week and on the weekends—but were not paid time-and-a-half for these overtime hours.  *Id.* at ¶¶ 21–24.  She claims that the Defendants developed a software program to verify that after-hours work was taking place.  *Id.* at ¶ 23.  Additionally, Hambrick explains that, while the putative class members were salaried employees, they were also eligible for commission; the requirements for receiving commission, however, were frequently changing, unattainable, and, if paid, not sufficient to compensate employees for their overtime work.  *Id.* at ¶ 24.  Simply stated, the commission was not equal to the time-and-a-half that employees should have been paid for overtime work.  *Id.*  In sum, she alleges that the Defendants willfully violated the FLSA by failing to compensate non-exempt employees for overtime work, despite being "fully aware these employees were working overtime."  *Id.* at ¶ 33.

In light of these allegations, Plaintiff seeks to bring two claims against Defendants—a collective action claim for failure to pay overtime under the FLSA (Count I), and a class action claim for unpaid overtime compensation under Kentucky law (Count II).  *Id.* at ¶¶ 44–54.  Plaintiff seeks, *inter alia*, "[j]udgment that Defendant's violations of

---

[1]  The Defendants' brief in opposition to conditional certification identifies Gumz and Mason as the owners of Promevo.  (Doc. # 42 at 1).

the FLSA were willful," "[a]n award to Plaintiff and those similarly situated for the amount of unpaid wages owed," and "[a]n award of reasonable attorneys' fees and costs." *Id.* at p. 10.

As is required by FLSA § 216(b), Hambrick now asks the Court to conditionally certify the following class of individuals: "All persons who worked as non-exempt inside sales employees for Defendants and who worked in excess of 40 hours in any workweek, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any workweek." (Doc. # 30 at 1). Along with her Motion, Plaintiff filed declarations of herself and two other former employees of Promevo—Tyler Boyle and Matthew Wenstrup. (Docs. # 31, # 31-1, # 31-2, and # 31-3). The declarants attest to facts in support of Hambrick's allegations including the following: (1) the declarants were salespeople for Promevo who had to make phone calls in an attempt to sell Promevo's products, (Docs. # 31-1 at 1, # 31-2 at 1, # 31-3 at 1), (2) the salespeople had the "same primary job duty" and many worked on the same floor, (Docs. # 31-1 at 1, # 31-2 at 1, # 31-3 at 1), (3) the salespeople were required to make a certain number of calls each day and were subject to discipline if the required call volume was not met, (Docs. # 31-1 at 1–2, # 31-2 at 1–2, # 31-3 at 1–2), (4) employees usually had to work through the lunch hour, (Docs. # 31-1 at 1–2, # 31-2 at 1–2, # 31-3 at 1–2), (5) the salespeople often worked over 40 hours per week in order to make the required number of calls per day, (Docs. # 31-1 at 2, # 31-2 at 2, # 31-3 at 2), (6) the salespeople would arrive early, stay late, work from home in the evenings, or work on the weekends in order to meet these requirements (Docs. # 31-1 at 2–3, # 31-2 at 2–3, # 31-3 at 2–3), and (7) the salespeople were not paid overtime for the additional hours worked, (Docs. # 31-1 at 3, # 31-2 at 3, #

31-3 at 3). Additionally, one declarant testified to the fact that the manager[2] was aware of the overtime work "as he would communicate with us while we were on line and working outside of business hours." (Doc. # 31-3 at 2).

Beyond conditional certification, Plaintiff's Motion requests that the Court issue an order "direct[ing] Defendants to provide to Plaintiff's counsel the names, last known addresses, and telephone numbers of the individuals described" in the proposed class and that the Court approve Plaintiff's proposed notice to potential class members. (Doc. # 30 at 1–2); *see also* (Doc. # 30-1) (proposed notice).

## II. ANALYSIS

### A. Standard of Review

Pursuant to the FLSA, an employee may bring a collective action against any employer on his or her own behalf and on behalf of other employees "similarly situated." 29 U.S.C. § 216(b). Unlike traditional class actions governed by Rule 23 of the Federal Rules of Civil Procedure, the FLSA requires potential class members to opt-in to the collective action. *Id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (citing *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 950 n. 3 (11th Cir. 2007); *Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004)). Similar to a typical class action suit, *see* FED. R. CIV. P. 23, however, a court must certify the collective action before the case can proceed. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546–47 (6th Cir. 2006).

---

[2] Declarant Wenstrup merely indicates that "[o]ur manager" knew about the overtime work; Wenstrup does not specify which manager he was referring to. (Doc. # 13-3 at 2).

4

In determining whether to certify a collective action under the FLSA, the Sixth Circuit follows a two-tiered approach. *Id.* The first stage, commonly called "conditional certification," involves gaining court approval to provide notice to potential plaintiffs and give them the opportunity to "opt-in" to the lawsuit.[3] *Comer*, 454 F.3d at 546–47. In order to gain such approval, a plaintiff must make "a modest factual showing" that "his position is similar, not identical, to the positions held by the putative class members." *Id.* at 547 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595–96 (S.D. Ohio 2002)). At this stage "the court accepts as true the plaintiff's allegations and does not reach the merits of the plaintiff's FLSA claims." *Ross v. Jack Rabbit Servs.*, LLC, No. 3:14-cv-00044-TBR, 2014 WL 2219236, at *3 (W.D. Ky. May 29, 2014) (quoting *Dominguez v. Don Pedro Rest.*, 2007 WL 271567, at *2 (N.D. Ind. Jan. 25, 2007)). During the second stage, which follows discovery, "trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. If a court then determines at stage two that the plaintiffs are not similarly situated, the court may decertify the class. *See Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765–66 (citing *Douglas v. GE Energy Reuter Stokes*, No. 1:07CV077, 2007 WL 1341779, at *4 (N.D. Ohio Apr. 30, 2007)).

Plaintiffs seeking to certify a collective action under the FLSA bear the burden to show that they are similarly situated to the class they seek to represent. However, at this first stage—conditional certification—a named plaintiff must provide only a "modest factual showing" to demonstrate that she is similarly situated to her proposed co-plaintiffs,

---

[3] At this stage, "[t]he decision whether to conditionally certify a class, and therefore facilitate notice, is within the discretion of the trial court." *Snelling v. ATC Healthcare Servs. Inc.*, No. 2:11-cv-00983, 2012 WL 6042839, at *2 (S.D. Ohio Dec. 4, 2012) (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

5

and the court's review of this modest showing "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Comer*, 454 F.3d at 547 (first quoting *Pritchard*, 210 F.R.D. at 596) (second quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000)). "[I]n order to meet this standard, plaintiffs must simply 'submit evidence establishing at least a colorable basis for their claim that a class of similarly situated plaintiffs exist.'" *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004) (quoting *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991)). During this preliminary stage, "a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner*, 110 F. Supp. 3d at 765 (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). "Requiring additional factual support or weighing the defendant's competing factual assertions prior to discovery, would 'intrude improperly into the merits of the action.'" *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 874–75 (S.D. Ohio 2017) (quoting *Lacy v. Reddy Elec. Co.*, No. 3:11-cv-52, 2011 WL 6149842, at *3 (S.D. Ohio Dec. 9, 2011)).

Though the FLSA does not define "similarly situated," 29 U.S.C. § 216(b), the Sixth Circuit has applied "three non-exhaustive factors" to determine if a putative class is similarly situated: "(1) the 'factual and employment settings of the individual[] plaintiffs'; (2) 'the different defenses to which the plaintiffs may be subject on an individual basis,' and (3) the degree of fairness and procedural impact of certifying the action as a collective action.'" *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (quoting *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)). In sum, the Circuit has concluded

6

that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs."  *Gunn v. NPC Intern., Inc.*, 625 F. App'x 261, 267 (6th Cir. 2015) (quoting *O'Brien*, 575 F.3d at 585).  "Showing a 'unified policy' of violation is not required" to support conditional certification, however.  *Monroe*, 860 F.3d at 398 (quoting *O'Brien*, 575 F.3d at 584).  Rather, plaintiffs may also meet the similarly-situated requirement if they can demonstrate, at a minimum, that the "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."  *Id.* (quoting *O'Brien*, 575 F.3d at 585); *see also Comer*, 454 F.3d at 546–47 (quoting *Pritchard*, 210 F.R.D. at 595) (explaining that, at the initial notice stage, "[t]he plaintiff must show only that [her] position is similar, not identical, to the positions held by the putative class members").  "Several courts have held that, at the notice stage, '[a] court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'"  *Noble v. Serco, Inc.*, No. 3:08-cv-76-DCR, 2009 WL 3154252, at *3 (E.D. Ky. Sept. 28, 2009) (quoting *Murton v. Measurecomp, LLC*, No. 1:07CV3127, 2008 WL 5725631, at *4 (N.D. Ohio June 9, 2008)).

There are two issues before the Court in this first-stage analysis: (1) the appropriateness of conditional certification under the FLSA; and (2) the propriety of Plaintiffs' proposed notice.  The Court will address each issue in turn.

### B. Conditional Certification is Appropriate

Pursuant to the lenient standard afforded plaintiffs during the conditional-certification stage, the Court finds that Hambrick has made the modest factual showing

7

necessary to demonstrate that she is similarly situated to the proposed class of employees. Hambrick has specified a discrete group of individuals with similar responsibilities—non-exempt inside sales employees for Promevo. (Doc. # 34 at ¶ 29). While this group encompasses three teams of employees—the Education Team, Business Team, and Elite Team,[4] *see* (Doc. # 42 at 7) (citing Hambrick's deposition); *see also* (Docs. # 45 at 4),—this does not preclude the Court finding the proposed plaintiffs to be sufficiently similar, *see Green v. Platinum Restaurants Mid-America, LLC*, 3:14-cv-439-GNS, 2015 WL 6454856, at *2 (W.D. Ky. Oct. 26, 2015) (citing *Bassett v. Tenn. Valley Auth.*, 5:09-cv-00039, 2013 WL 665068, at *2–*9 (W.D. Ky. Feb. 22, 2013) (discounting defendants argument that the proposed class members aren't similarly situated because the "proposed class consists of three categories of plaintiffs" and explaining that "a class may still be certified regardless of the differing categories of employees in the proposed class"). Further, the claims of Hambrick and the proposed class, all stem "from a single, FLSA-violating" policy—that is Defendants' alleged policy of requiring inside salespeople to work overtime without pay. *See* (Doc. # 34). These allegations are supported by the declarations of Plaintiff Hambrick and declarants Tyler Boyle and Matthew Wenstrup. *See* (Docs. # 31-1, # 31-2, # 31-3, and # 45-1). Taken together, the materials presented are "sufficient to show some factual nexus that binds Plaintiff and the putative class members together as victims of [the] particular alleged policy." *Ross*, 2014 WL 2219236, at *3. Thus, Plaintiff meet the similarly-situated requirement because she can demonstrate a reasonable basis that the claims are "unified by common theories of defendants' statutory violations." *O'Brien*, 575 F.3d at 585.

---

[4] The Education Team sells products to schools, the Business Team sells to businesses and non-profits, and the Elite Team sells to businesses with high order volumes. (Doc # 42 at 7).

The Defendants present a number of arguments in response to Plaintiff's Motion, *see* (Doc. # 42), none of which the Court finds persuasive. Each will be disposed of in turn.

### 1. *Hambrick Does Not Have to Meet a Higher Burden of Proof*

First, Defendants claim that because limited discovery has taken place—in the form of the Defendants deposing Hambrick—Plaintiff's burden at the conditional-certification stage is higher than it otherwise would be. *Id.* at 3–4. Specifically, they claim that Hambrick has to make a higher "modest plus" showing, which she has not done. *Id.* Defendants, however, are incorrect.

While Defendants cite a couple of cases from other district courts, they fail to cite any Sixth Circuit jurisprudence requiring Hambrick to meet a higher burden at this stage of the litigation. *Id.* at 4 (citing *Creely v. HCR ManorCare, Inc.*, 920 F. Supp. 2d 846 (N.D. Ohio 2013); *Jimenez v. Lakeside Pic-N-Pac, LLC*, N. 1:06-cv-456, 2007 WL 4454295 (W.D. Mich. Dec. 14, 2007)). In fact, the Circuit has been clear that "[t]he provisions of the [FLSA] are 'remedial and humanitarian in purpose,' and 'must not be interpreted or applied in a narrow, grudging manner.'" *Monroe*, 860 F.3d at 396–97 (quoting *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580, 585 (6th Cir. 2002)). The lenient standard employed at the conditional-certification stage is "consistent with the FLSA and the specific <u>notice</u> goal of initial certification." *Davis v. Omnicare, Inc.*, No. 5:18-cv-142-REW, 2019 WL 6499127, at *3 (E.D. Ky. Dec. 3, 2019).

Moreover, the employment of a higher "standard that falls between the 'modest' showing required at the first step, and the more exacting showing required at the second step" only occurs "[w]here substantial discovery on the question of conditional certification

9

has already taken place." *Waggoner*, 110 F. Supp. 3d at 766 (citing *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 823–27 (N.D. Ohio 2011)). Often in cases where this higher standard was applied, "both sides were afforded considerable time to develop the record before the court ruled on the issue of conditional certification," *id.* (collecting cases), or "the parties have conducted some joint discovery prior to the plaintiffs' motion for conditional certification," *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-cv-386, 2017 WL 127481, at *5 (S.D. Ohio Jan. 13, 2017); *see also Waggoner*, 110 F. Supp. 3d at 767 (rejecting a heightened standard because only defendants conducted discovery so there was no joint discovery); *Lacy*, 2011 WL 6149842, at *4 (explaining that the only discovery was Defendants deposing Plaintiffs so "there has been no *joint* discovery on the certification issue . . . [and] [u]nder these circumstances, the heightened standard for conditional certification . . . is simply inapplicable.").

Neither situation applies here. As Hambrick points out, the only discovery that has taken place is Defendants deposition of her. (Doc. # 45 at 2). There is no mention of discovery that could be considered "substantial" and no evidence that there has been any discovery by Plaintiff on the issues concerning certification. Thus, as other courts have done, this Court will "opt[] for the Circuit-sanctioned route and appl[y] the 'fairly lenient standard' that 'typically results in conditional certification.'" *Davis*, 2019 WL 6499127, at *3. (quoting *Comer*, 454 F.3d at 546); *see also Waggoner*, 110 F. Supp. 3d at 766.

### 2. Hambrick Has Shown That the Putative Class Is Similarly Situated and She is an Appropriate Representative

Defendants' main argument is that Hambrick has not shown that she is similarly situated to the proposed class members and that they "were harmed by a single decision, policy or plan by Promevo"; because of this, Defendants claim the action should not be

certified against Promevo. (Doc. # 42 at 6–19). Defendants specifically identify four essential allegations made by Hambrick which they claim are not supported: that Hambrick and the proposed class (1) had similar job duties, (2) were subjected to similar pay provisions, (3) were forced to work similar hours including overtime, and (4) that the Defendants developed a system to monitor and enforce overtime work.[5] *Id.* at 7–16. In making these claims, Defendants point to Hambrick's deposition testimony, which they seem to claim contradicts her declaration. *Id.* In sum, Defendants appear to be making two main arguments: (1) that the entire class was not subjected to a uniform policy or practice that prevented overtime pay and (2) that Hambrick is not similarly situated to the proposed class. *Id.* The Court, however, finds that Hambrick has made the appropriate, modest showing necessary to allow for conditional certification of the collective action.

First, the Court finds that, under the lenient standard, Hambrick has sufficiently alleged that all inside salespeople at Promevo were required to work overtime without

---

[5] In the midst of this argument, Defendants raise an evidentiary issue. Specifically, Defendants suggest that Hambrick's first declaration "has no evidentiary value to the extent it conflicts with her sworn deposition testimony" and that the declarations of Boyle and Wenstrup "have no evidentiary value to the extent they contain hearsay." *Id.* at 8. The Defendants suggest that portions of these declarations must be completely ignored for these reasons.

"[T]he majority of courts within the Sixth Circuit have held that plaintiff's evidence on a motion for conditional certification need not meet the same evidentiary standards applicable to motions for summary judgment because to require more at this stage of litigation would defeat the purpose of the two-stage analysis under Section 216(b)." *Davis*, 2019 WL 6499127, at *4 n. 8 (internal quotations omitted) (quoting *Waggoner*, 110 F. Supp. 3d at 770 n.6); *see also Fisher v. Mich. Bell Telephone Co.*, 665 F. Supp. 2d 819, 826 (E.D. Mich. 2009). Thus, courts in this Circuit have found that declarations and affidavits in support of conditional-certification motions may contain hearsay. *See, e.g.*, *Adams v. Wenco Ashland, Inc.*, No. 1:19CV1544, 2020 WL 2615514, at *4 (N.D. Ohio May 22, 2020) (collecting cases); *White v. MPW Industrial Servs., Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006). Accordingly, the Court will consider the declarations of Boyle and Wenstrup in full.

As to the Hambrick's declarations, the Defendants have failed to specifically point to any portion of her first declaration (the only one of her declarations filed at the time Defendants filed their response brief) that is *directly contradicted* by her deposition testimony. *Compare* (Doc. # 42) (quoting Hambrick's declaration), *with* (Doc. # 31-1); *see also supra*.

additional pay; thus, certification of a proposed class including all inside salespeople is appropriate as Hambrick has alleged they were victims of the same unlawful practice. Courts have conditionally certified classes where "a uniform corporate policy applied to similar, but not identical types of employees." *Green*, 2015 WL 6454856, at \*2 (citing *Bassett*, 2013 WL 665068, at \*2–\*9). At this conditional-certification stage "'disparate job titles and duties are largely irrelevant' . . . [instead] the relevant consideration is whether Plaintiffs were subject to Defendant's practice" of failing to pay for overtime work. *See Bernardez v. Firstsource Sols. USA, LLC*, No. 3:17-cv-613-RGJ, 2019 WL 4345986, at \*6 (W.D. Ky. Sept. 12, 2019) (quoting *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 764 (W.D. Tenn. 2011)). "If discovery reveals that the class should be limited to a subset of the employees . . . the Court may address that issue on Defendants' motion at that time." *Myers v. Marietta Memorial Hospital*, 201 F. Supp. 3d 884, 896 (S.D. Ohio 2016).

The declarations submitted in support of Hambrick's Motion are sufficient to support conditional certification of a collective action including inside salespeople on each of the three teams. Specifically, the declarations all note that the inside salespeople at Promevo all had the same primary duty—"to make sales for the company by telephone." (Docs. # 31-1 at 1, # 31-2 at 1, and # 31-3 at 1). Additionally, they explain that all salespeople had to meet a specific volume of calls per day, which required working overtime. (Docs. # 31-1 at 2, # 31-2 at 2, and # 31-3 at 2). The declarants note that, based on personal observations, they know that salespeople often came in early, left late, and would work during the lunch period; they also know from conversations with other inside salespeople that many worked from home in the evenings and on the weekends.

12

(Docs. # 31-1 at 2–3, # 31-2 at 2–3, and # 31-3 at 2–3). All three declare that they "talked with [fellow inside salespeople] about the long hours we had to work without any extra pay." (Docs. # 31-1 at 2, # 31-2 at 2, and # 31-3 at 2). The declarations do not make distinctions among the different teams at Promevo; rather, they suggest that all inside salespeople had similar work schedules and were not paid for overtime.

Courts in this Circuit have consistently "'held that employee statements regarding their employer's policies and practices and hours worked by other employees were admissible evidence based on the employee's personal knowledge' and could support conditional class certification." *Bernardez*, 2019 WL 4345986, at \*4 (quoting *Myers*, 201 F. Supp. 3d at 894–96); *see also Perez v. El Torazo Mexican Restaurant*, No. 3:16-CV-00545-GNS, 2017 WL 6344624, at \*3 (W.D. Ky. Dec. 12, 2017) (citing *Hathaway*, 2012 WL 1252569) (finding that "declarations relating to observations of FLSA violations in the workplace [are] sufficient evidence to find a similarly situated class of plaintiffs in the first phase of certification); *Nobel*, 2009 WL 3154252, at \*3 (finding that because "it was reasonable to infer that the declarants would have talked to these other [employees] about their job duties, their pay structures, their hours worked, and whether they were paid for overtime hours, as stated in their declarations . . . the declarants certainly could have had personal knowledge regarding these subjects."). Here, the set of declarations presented in support of conditional certification is more than sufficient to show that the class of proposed plaintiffs is sufficiently similarly situated. It establishes that the putative plaintiffs' claims are "unified by common theories of defendants' statutory violations." *Monroe*, 860 F.3d at 398 (quoting *O'Brien*, 575 F.3d at 585). As "[a] rigorous inquiry into the merits of Plaintiff's claims is not necessary at this early juncture," *Ross*, 2014 WL

2219236, at *3 (citing *Shipes v. Amurcon Corp*. No. 10-14943, 2012 WL 995362, at *5 (E.D. Mich. Mar. 23, 2013); *Fisher*, 665 F. Supp. 2d at 825; *Dominguez v. Don Pedro Res.*, No. 2:06 cv 241, 2007 WL 271567, at *2 (N.D. Ind. Jan. 25, 2007)), the Court finds, based on the evidence presented, that conditional certification of this collective action is appropriate.

Additionally, the Court finds that the evidence put forth by Hambrick shows she is similarly situated to the proposed class and, therefore, is an appropriate class representative. All a plaintiff must do at this stage is make a "modest factual showing" which demonstrates "that [her] position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (quoting *Pritchard*, 210 F.R.D. at 595–96). Hambrick's declaration indicates that she was subject to overtime hours without pay, similar to others in the proposed class. *See* (Doc. # 31-1); *see also* (Docs. # 31-2 and # 31-3). The fact that she undertook this overtime work without permission, as required by company policy, is irrelevant. *See Bernardez*, 2019 WL 4345986, at *3–*7 (conditionally certifying a collective action of failure to pay overtime even though "[t]he company's written policy was that [they] could not work overtime without prior approval"). Additionally, her deposition testimony, which Defendant continues to point to, does not contradict the key statements in her declaration which suggest that she had to work overtime and was not additionally compensated, just like other inside salespeople including the other declarants.[6] Rather, with their constant references to Hambrick's

---

[6] For example, Defendants point to Hambrick's testimony in which she explained that she does not know about the goals or commissions of salespeople on other teams to suggest that Hambrick does not have sufficient knowledge of other teams to allege that they are similar. (Doc. # 42 at 9–10) (quoting Hambrick's deposition). This testimony, however, does not contradict her general statement in her First Declaration that she spoke with other inside salespeople, without

14

deposition, it appears that Defendants are attempting to suggest that Hambrick's allegations are not factually correct.[7] Now, however, is not the appropriate time for such inquiries. As required, the Court will accept the allegations Hambrick makes as true. *See Ross*, 2014 WL 2219236, at *3 (citing *Dominguez*, 2007 WL 271567, at *2). Having reviewed the allegations set forth under the "fairly lenient standard" required at this stage of the proceedings, *Comer*, 454 F.3d at 547 (quoting *Morisky*, 111 F. Supp. at 497), the Court finds that Hambrick's allegations are sufficient to show she is similarly situated to the proposed class and is an appropriate class representative.

---

specifying their team(s), about the fact that they all had to work overtime without pay. (Doc # 31-1 at 3).
    Additionally, they point to her deposition testimony where she explained that she would work overtime in order to try to make commission and be seen as a "valuable" employee because "in order to be successful, I needed to do more." (Doc. # 42 at 14–15) (quoting Hambrick's deposition). They also cite her testimony that sometimes she would not log her calls when working from home because "you're not working to prove to [Defendants] that you're working, you're working to try to earn the commission." *Id.* at 18 (quoting Hambrick's deposition). Again, this testimony does not contradict or take away from her declaration statement that she had to work through lunch "in order to be available on the chat line . . . and to meet the call volume demanded" and she would work after hours "to meet the call quotas and sales requirements," presumably to ensure success at her job. (Doc. # 31-1 at 2). A statement that she worked from home in order to make commission does not mean that she did not also work during lunch or after hours in order to meet the mandated call volume and other requirements of her job. The statements are not mutually exclusive.
    Additionally, the Court notes that Defendants have cherry-picked portions of Hambrick's deposition to attach to their filing. It is unclear if Plaintiff made other statements during her deposition that would further bolster the statements in her declaration.

[7] For example, Defendants appear to call into question the accuracy of Hambrick's deposition testimony that she saw other people on her team working overtime. *See* (Doc. # 42 at 11–12) (quoting Hambrick's deposition). Specifically, Defendants claim that "Plaintiff would not be privy to whether any of these other employees had different start or end times, whether they arranged approval with Promevo to work overtime hours, or whether, like Plaintiff, had personal time off during certain weeks and wanted to make up time to reach forty hours." *Id.* at 12. This is an obvious attempt to contest the factual accuracy of Hambrick's allegation that she and others had to work overtime without pay.

### *3.     Defendants Gumz and Mason Are Employers Under the FLSA*

Defendants also argue that Mason and Gumz—the owners of Promevo—were not Hambrick's "employers" as defined by the FLSA, and her proposed class should not be certified against them. (Doc. # 42 at 4–6). Specifically, they claim that Hambrick has failed to set forth facts which support conditional certification of the action against both Mason and Gumz.[8] *Id.* Defendants, however, are misguided; Hambrick has met the low bar necessary for conditional certification of the collective action against these individual defendants.

Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Supreme Court has interpreted this to include people "acting on behalf of the actual employer . . . *with respect to the employment relationship*, such as by hiring, supervising, paying, and managing employees on behalf of the actual employer." *Diaz v. Longcore*, 751 F. App'x 755, 758 (6th Cir. 2018) (citing *Falk v. Brennan*, 414 U.S. 190, 192–93 n.4 (1973)). This understanding achieves similar results as the "economic reality" test applied by the Sixth Circuit which finds that FLSA liability "extends . . . to individuals who are chief corporate

---

[8]     The Defendants also appear to argue that Hambrick has failed to properly request the collective action be certified against them because she did not "make the request in her [M]otion, supported by facts, to conditionally certify the collective action against each Defendant." *See id.* The Defendants do not provide any legal support for this argument, however, and the Court finds it to be misguided. Throughout her Motion, while Plaintiff does not refer to each individually, she asks the Court to certify the collective action in light of the unlawful policy of the *Defendants*, not just Defendant Promevo. *See generally* (Doc. # 30). This suggests that Hambrick was requesting certification against the individual defendants in addition to Promevo.
    Furthermore, it should be noted that Plaintiff's Motion to Amend her Complaint to add Thomas Mason as an additional defendant was not granted until after she filed her conditional-certification Motion. *See* (Docs. # 29, # 30, and # 33). This likely explains the absence of a specific mention of Mason from her certification Motion. Defendants, however, were not prejudiced by the filing of the Amended Complaint as they did not oppose the addition of Mason to the suit and did not respond to the certification Motion until after the filing of the Amended Complaint. *See* (Docs. # 32, # 34, and # 42).

officers of the business, have a significant ownership interest in the business, control significant aspects of the business's day-to-day functions, and determine employee salaries and make hiring decisions." *Id.* at 758–59 (citing *U.S. Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 778 (6th Cir. 1995); *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965–66 (6th Cir. 1991)).

Mason and Gumz are the co-owners of Promevo. (Doc. # 42 at 4); *see also* (Docs. # 34 at ¶¶ 13–14 and # 45-1 at 1). In her Amended Complaint, Hambrick alleges that both "share responsibility for the payroll practices and policies of Defendant Promevo." (Doc. # 34 at ¶¶ 13–14). Additionally, in her second declaration,[9] she alleges that both "were involved and active in running the business." (Doc. # 45-1 at 1). She claims that Gumz was "a regular and very visible presence at the Burlington location" where he "regularly issued instructions to the salespeople, berated us for our performance, encouraged us to work extra hours, hired and fired employees, and set rules and standards for payment of commissions." *Id.* She explained that Gumz was responsible for "direct[ing] most [of] the day-to-day operations of the business" while Mason, who generally worked from the Louisville office "primarily handled billing and payroll." *Id.* This evidence is more than sufficient to allege that Defendants Gumz and Mason are employers under the FLSA. *See Diaz*, 751 F. App'x at 758–59.

Defendants appear to attempt to call into question the factual accuracy of these allegations by citing to Hambrick's deposition testimony where she admits a lack of

---

[9] Courts have previously considered additional declarations attached to reply briefs which "provid[e] further details of [the declarant's] personal knowledge of Defendants' practices." *Perez*, 2017 WL 6344624, at *2 n.3; *see also Anderson v. P.F. Chang's China Bistro, Inc.*, No. 16-14182, 2017 WL 3616375, at *8 (E.D. Mich. Aug. 23, 2017) (mentioning plaintiffs "Reply Declaration").

specific knowledge about Gumz's responsibility for payroll practices and policies.[10] (Doc. # 42 at 5) (citing Hambrick's deposition). This, however, is inappropriate at the conditional certification stage. See *Waggoner*, 110 F. Supp. 3d at 765 (citing *Swigart*, 276 F.R.D. at 214). Defendants appear to be suggesting that Hambrick's allegations are not factually correct, but the Court does not "consider the merits of the claims, resolve factual disputes, or evaluate credibility" at this stage. *Id.* (citing *Swigart*, 276 F.R.D. at 214); see also *Hamm*, 275 F. Supp. 3d at 874–75 (citing *Lacy*, 2011 WL 6149842, at *3) (explaining that a court is not to "weigh[ ] the defendant's competing factual assertions prior to discovery"). Thus, the Court finds that Hambrick has made the necessary modest showing that Defendants Gumz and Mason are employers under the FLSA and a collective action may be certified against them.

### C. Notice

Plaintiff attached a proposed notice to its Motion. (Doc. # 30-1). Aside from the arguments already discussed, the Defendants set forth a number of objections to the proposed notice. (Doc. # 42 at 19–21). Some of these objections are moot in light of the Court's ruling to certify Hambrick's proposed collective action as to all inside salespeople against all three Defendants. See *id.* at 19–20. Additionally, one "objection" is merely a reservation of argument about the appropriate statute of limitations, while others deal with the language and wording of the notice. See *id.* at 19–21. In light of those objections, and consistent with the Court's practice, "the Court finds that it is appropriate for the parties 'to meet and confer' about the content of [the] proposed notice and consent-to-

---

[10] The facts set forth in Hambrick's second declaration about the responsibilities of Defendant Gumz do not contradict her deposition testimony. *Compare* (Doc. # 45-1 at 1), *with* (Doc. # 42 at 5) (quoting Hambrick's deposition).

sue form and resolve all objections to the extent possible." *Stine v. Fedex Ground Package Sys., Inc.*, 2:18-cv-114-DLB-CJS, 2019 WL 251827, at *6 (E.D. Ky. June 18, 2019) (quoting *Smith v. Generations Healthcare Servs. LLC*, No. 2:16-cv-807, 2017 WL 2957741, at *6 (S.D. Ohio July 11, 2017)).

### III. CONCLUSION

(1) Plaintiff's Motion for Conditional Certification under the FLSA (Doc. # 30) is **GRANTED**. Specifically, the Court conditionally certifies the following class:

> All persons who worked as non-exempt inside sales employees for Defendants, and who worked in excess of 40 hours in any workweek, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of any workweek.

(2) The parties shall promptly **meet and confer** as to the content of the Plaintiff's proposed notice (Doc. # 30-1);

(3) **Within fourteen (14) days of the date of entry of this Order**, the parties shall file a **joint status report** advising of the results of the parties' conference and attaching a proposed revised notice. Should the parties fail to reach an agreement and find that a joint report is not possible, the parties shall each file individual reports with their own attendant proposed revised notices, which the Court shall entertain for the purposes of drafting finalized notice and consent-to-sue forms; and

(4) Upon the Court's approval of the notice and consent-to-sue forms, Plaintiff is permitted to disseminate the notice to all putative class members via regular mail and e-mail. Defendants must therefore produce the names, all known addresses, and e-mail addresses of putative class members **within thirty (30) days of this Court's order finalizing the notice and consent-to-sue forms**.

This 2nd day of July, 2020.



J:\DATA\ORDERS\Cov2019\19-17 Order on Conditional Certification.docx